Velma BURNETTE, Plaintiff,

v.

Robert GODSHALL, Lockheed Missiles & Space Co., Lockheed Corp., Defendants.

Civ. No. 93–20218 SW.

United States District Court, N.D. California.

July 12, 1993.

---

26. Plaintiff's opposition to renewed motion for summary judgment at 43–44 (Clerk's Docket No. 166).

Henry M. Steinberg, San Francisco, for plaintiff.

John C. Cook, Katherine H. Cowan, San Francisco, Angela M. Knowlan, Sunnyvale, for defendant.

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO REMAND; DENYING PLAINTIFF'S MOTION FOR SANCTIONS; GRANTING DEFENDANTS' MOTION FOR SANCTIONS, REQUIRING DEFENDANTS TO FILE A DECLARATION THEREON

SPENCER WILLIAMS, District Judge.

Plaintiff Velma Burnette brings this action against Robert Godshall and others ("Defendants") alleging several causes of action arising out of an altercation she had with Mr. Godshall, a co-employee at Lockheed. After Plaintiff amended her complaint to add a cause of action under RICO, 18 U.S.C. § 1962(b) and (c), Defendants removed the case to this Court. Plaintiff now moves to dismiss the RICO claim and to remand the action to state court. Also, both Plaintiff and Defendants move for Rule 11 sanctions. For the reasons expressed below, Plaintiff's RICO cause of action is DISMISSED WITH PREJUDICE; Plaintiff's motion to remand is DENIED; Plaintiff's motion for sanctions is DENIED; and Defendants' motion for sanctions is GRANTED.

## BACKGROUND

Plaintiff Velma Burnette was employed by defendant Lockheed Missiles & Space Co. ("Lockheed") as a reproduction equipment operator in the print shop. She complains that on February 24, 1993, defendant Robert Godshall, a non-supervisory co-employee, assaulted her during a dispute over the use of a copier. Plaintiff claims that when she refused to interrupt a copy job to make copies for Godshall without authorization from her "lead man," Godshall pushed her against the table, "either severely injuring her arm, or severely aggravating a preexisting injury," and inflicting "severe emotional distress" and psychological damage. Complaint, ¶ 10. Her supervisor took her to the hospital after the incident.

In reference to Godshall's conduct, Plaintiff filed a grievance on March 17, 1993, under the collective bargaining agreement ("CBA") between Lockheed and her union, the International Association of Machinists & Aerospace Workers. Her grievance, which was ultimately denied, alleged that Lockheed violated sections of the CBA providing that management rights decisions are subjected to a grievance and arbitration procedure, and that Lockheed agreed to maintain a safe workplace. In addition, Plaintiff filed a complaint in state court bringing causes of action for (1) assault and battery, (2) gross negligence of Lockheed amounting to willful disregard of her well-being, (3) conspiracy to oppress, harass and intimidate union members, and (4) violation of her statutory rights under California law, specifically Labor Code section 923 and Civil Code section 51.7.

Plaintiff filed an amended complaint in which she added a fifth cause of action for violation of the Federal Racketeer Influenced and Corrupt Organizations Act (RICO). 18 U.S.C. § 1962(b) and (c). Thereafter, Defendants removed the action to this Court, based upon (1) the pleaded statutory violation of RICO, and (2) Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, which preempts state law claims which are founded on rights created by collective bargaining agreements, or which require interpretation of such agreements.

After the case was removed, Plaintiff notified Defendants that two recently decided cases, involving allegedly similar causes of action brought by unionized Lockheed employees against the corporation, had been remanded back to state court for lack of federal jurisdiction. *Casey v. Goodness,* unpublished, # C–92–20323 JW, (N.D.Cal. October 8, 1992); *Hayden v. Reickerd,* 957 F.2d 1506 (9th Cir.1992). Plaintiff argues that these decisions are determinative in the present case, and that Defendants' defenses are

barred by the doctrine of collateral estoppel. As such, she offered to stipulate to the dismissal of the RICO cause of action, without prejudice, if Defendants would stipulate to remand of the case to state court. Defendants responded with the following conditions of agreement: (1) that Plaintiff dismiss her RICO cause of action with prejudice, (2) that she agree to forego pursuing any rights and remedies under federal law, and (3) that Defendants retain rights to assert that any of Plaintiff's claims are preempted by federal law. These conditions are consistent with Defendants' argument that removal is proper because of both the pleaded RICO cause of action and the "gross negligence" cause of action, which they contend is not a state tort claim but a contractual claim arising under the CBA. Plaintiff firmly rejected Defendants' counteroffer and their suggestion that her claims are preempted by federal law.

Plaintiff now requests that this Court dismiss her fifth cause of action without prejudice, remand the action to California Superior Court, and impose sanctions on Defendants pursuant to Fed.R.Civ.P. 11 and 28 U.S.C. § 1447(c). Defendants oppose the motions and, in turn, request that Rule 11 sanctions be imposed on Plaintiff.

## DISCUSSION

### I. DISMISSAL OF FIFTH CAUSE OF ACTION (RICO)

■ In her amended motion, Plaintiff seeks to dismiss the fifth cause of action (civil RICO claim) without prejudice. Even though Defendants have filed an answer in this case, and have refused to stipulate to a voluntary dismissal without prejudice, this Court has the discretion to grant Plaintiff's motion and may do so "upon such terms and conditions as [it] deems proper." Fed. R.Civ.P. 41(a)(2). In exercising its discretion, the Court must make three separate determinations: (1) whether to allow the dismissal at all; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed. *Spencer v. Moore Business Forms, Inc.,* 87 F.R.D. 118, 119 (N.D.Cal. 1980).

### A. Whether to Allow Dismissal

■ In determining whether to allow dismissal, the Court is to consider whether doing so will unfairly affect the other side. *Alamance Industries, Inc. v. Filene's,* 291 F.2d 142, 146 (1st Cir.1961). Thus, courts generally allow dismissal unless defendant will suffer "some plain legal prejudice." *Hamilton v. Firestone Tire & Rubber Co.,* 679 F.2d 143, 145 (9th Cir.1982). However, plain legal prejudice does not result merely because defendant will be inconvenienced by having to defend in another forum. *Id.* Nor does it result when the dismissal may cause defendant to incur substantial expense in preparing for trial. *Durham v. Florida East Coast Railway Co.,* 385 F.2d 366, 368 (5th Cir.1967). The court may dismiss the claim even where plaintiff would gain a tactical advantage thereby. *Hamilton,* 679 F.2d at 145.

In the present case, Defendants will suffer no legal detriment if Plaintiff's RICO claim is dismissed. They have not counterclaimed or otherwise filed for affirmative relief to be sufficiently prejudiced by dismissal of the fifth cause of action. While Plaintiff may have moved to dismiss the RICO claim as a way to avoid federal jurisdiction over the action, such tactical maneuvering does not constitute sufficient prejudice to Defendants to justify refusing her motion. Therefore, Plaintiff's fifth cause of action is DISMISSED.

### B. Whether Dismissal With or Without Prejudice

■ Rule 41(a)(2) provides that, unless otherwise specified in the court's order, the dismissal is without prejudice. Whether to allow dismissal with or without prejudice is discretionary with the court, and it may order the dismissal to be with prejudice where it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action. *See Paulucci v. City of Duluth,* 826 F.2d 780, 783 (8th Cir.1987). The following factors are relevant in determining whether the dismissal should be with or without prejudice: "(1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and

lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Id.* Additionally, "the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *McCants v. Ford Motor Co.*, 781 F.2d 855, 857 (11th Cir.1986).

In the present case, Defendants should not have incurred significant expense in responding to the frivolous civil RICO claim. Also, it weighs in Plaintiff's favor that the trial has not yet started and no pretrial motions were pending at the time the dismissal motion was filed. However, given the admission of Plaintiff's attorney before this Court that the RICO cause of action was added without diligent research and in an attempt to obtain treble damages, the RICO claim is DISMISSED WITH PREJUDICE.

### C. Whether Conditions to be Imposed

■ Since the RICO cause of action has been dismissed with prejudice, costs and attorney fees cannot be awarded to Defendants because there is no future risk of litigation. *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir.1985). However, a voluntary dismissal does not limit the court's power to impose sanctions against plaintiff under Fed.R.Civ.P. 11 for filing groundless claims. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395, 110 S.Ct. 2447, 2455, 110 L.Ed.2d 359 (1990). As discussed in Section III below, Defendants will be reimbursed for the documented cost of defending the RICO claim, including reasonable legal fees.

## II. DEFENDANTS' MOTION TO REMAND TO STATE COURT

### A. Legal Standard

Generally, a defendant in state court has the right to remove the case to the federal court in the district where the state court proceedings are pending if the case could have been filed originally in federal court (i.e. on federal diversity or federal question grounds). 28 U.S.C. § 1441(b). The removal statute further provides that "the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C. § 1441(c).

■ Removal jurisdiction based on a federal question is determined from the complaint as it existed at the time of removal, not as subsequently amended. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir.1979). Thus, if the case was properly removed, plaintiff cannot defeat the court's jurisdiction by voluntarily changing the case as to destroy the ground upon which removal was based. *See Hill v. Rolleri*, 615 F.2d 886, 889 (9th Cir.1980). By alleging a private civil RICO cause of action under 18 U.S.C. § 1962(b) and (c), Plaintiff has clearly asserted a claim within the original jurisdiction of the district court, 28 U.S.C. § 1331, and the entire case has been properly removed to this Court. In dismissing the RICO claim, the Court does not forfeit jurisdiction; the state court can proceed no further unless and until the case is remanded. 28 U.S.C. § 1447(d). Plaintiff's motion for remand forces defendant—the party who invoked the federal court's removal jurisdiction—to prove whatever is necessary to support the petition: the federal nature of the claim. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### B. Analysis

■ The Court may remand this case to state court only if it finds (1) defects in the removal procedure or (2) lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). Thus, if jurisdiction exists and was properly invoked, the Court has no discretion to remand. *Carpenters S. California Admin. v. Majestic Housing*, 743 F.2d 1341, 1343 (9th Cir.1984). Since Plaintiff has not challenged the removal procedures (tardy filing of the removal notice, defects in its form or content, etc), the question for decision becomes whether Plaintiff's remaining claims are predominated by state law or are completely preempted by federal labor law as to invoke federal jurisdiction and sustain removal. 28 U.S.C. § 1441(c).

In light of the standards governing removal/remand and preemption, it appears that Plaintiff casts her claims in terms of state law violations in order to evade the preemptive force of federal law. However, actions by union employees against their employers based on the conditions or termination of their employment constitute a primary area of preempted state law. Complete preemption is necessary to ensure the uniform interpretation of labor agreements and to promote the amicable resolution of labor-management disputes. *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 404, 108 S.Ct. 1877, 1880, 100 L.Ed.2d 410 (1988).

### 1. Preemption under LMRA

■ Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) provides:

> "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court having jurisdiction over the parties without respect to the amount in controversy or without regard to the citizenship of the parties."

29 U.S.C. § 185(a). The statute has been interpreted as authorizing federal courts to fashion a body of federal common law for enforcement of collective bargaining agreements. *Textile Workers Union v. Lincoln Mills,* 353 U.S. 448, 451, 77 S.Ct. 912, 915, 1 L.Ed.2d 972 (1957). This body of federal common law completely preempts state law claims based on a CBA. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 23, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983).

■ As Plaintiff points out, not every employer-employee dispute is preempted by federal law. "[A]n application of state law is preempted by § 301 of the Labor Management Relations Act of 1947 only if such application requires the interpretation of a collective bargaining agreement." *Lingle,* 486 U.S. at 413, 108 S.Ct. at 1885. The fact that the court must examine the CBA to determine the preemption issue is not enough. *Milne Employees Ass'n v. Sun Carriers, Inc.,* 960 F.2d 1401, 1409 (9th Cir.1992). "As long as the state-law claim can be resolved without interpreting the [collective bargaining] agreement itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes." *Lingle,* 486 U.S. at 410, 108 S.Ct. at 1883.

### 2. "Artfully Pleading" a State Claim Cannot Prevent Removal

■ Plaintiff cannot designate a claim as "independent" merely by omitting reference to the collective bargaining agreement. "Under the 'complete pre-emption doctrine,' once an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987). Removal of the claim cannot be defeated by "artfully pleading" it as a state claim; the court will "recharacterize" it accordingly, in order to uphold removal. *Schroeder v. Trans World Airlines, Inc.,* 702 F.2d 189, 191 (9th Cir. 1983). To that extent, whether the question arises in the context of a suit for breach of contract or in a suit alleging tort liability, the characterization of a claim is based on whether the employer's duty is owed uniquely to employees or is a duty owed to members of society as a whole. Claims based on the latter are not preempted. *See Galvez v. Kuhn,* 933 F.2d 773, 778 (9th Cir.1991) (employee's physical assault claim not preempted); *Hanks v. Gen. Motors Corp.,* 906 F.2d 341, 344 (8th Cir.1990) (employee's intentional infliction of emotional distress claim not preempted).

### C. Analysis of Remaining Claims to Determine Preemption

Each of Plaintiff's remaining claims will be analyzed to determine whether the case is preempted by federal law as to sustain removal.

### 1. The Assault & Battery Claim

■ Under California law, an assault is "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." Cal.Penal Code § 240.

A battery is "any willful and unlawful use of force or violence upon the person of another." Cal.Penal Code § 242. The prohibition against such acts exists independent of any contract. *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 212, 105 S.Ct. 1904, 1912, 85 L.Ed.2d 206 (1985). Because "§ 301 does not grant the parties to a collective bargaining agreement the ability to contract for what is illegal under state law," *Id.,* Plaintiff's claim cannot require interpretation of the agreement's negotiated provisions. Therefore, the assault and battery claim is not preempted. *See also Hayden,* 957 F.2d at 1509.

### 2. The "Conspiracy to Oppress Union Members" Claim

Plaintiff's third cause of action charges Defendants with "conspiracy to oppress, harass and intimidate union members." This claim is similar to the conspiracy claim in *Hayden* in that it is not a separate cause of action but only a theory of liability underlying the plaintiff's assault and battery claims. *Cf. Hayden,* 957 F.2d at 1510. Therefore, the conspiracy claim must be read in conjunction with the assault and battery claims. *Id.* at 1511. Since the assault and battery claims are not preempted by section 301, neither is the conspiracy theory of liability, which exists to make tort victims whole. *Id.*

### 3. The "Violation of State Statutory Rights" Claim

■ Plaintiff's fourth cause of action charges that her state statutory rights under California Labor Code section 923 and Civil Code section 51.7 have been violated. California Labor Code section 923 declares it is the public policy of the state to protect workers from retaliation for union activities. California Civil Code section 51.7 creates a civil cause of action for acts of violence or intimidation by threat of violence because of "race, color, religion, ancestry, national origin, political affiliation or position in a labor dispute." Since these are nonnegotiable rights, the preemption analysis that was employed for the assault and battery claims above is also applicable here. Therefore, Plaintiff's claims under these provisions are not preempted.

### 4. The "Gross Negligence" Claim

■ Plaintiff's second cause of action alleges that Lockheed's failure to maintain safety in the workplace was "gross negligence amounting to willful disregard of her well being." She characterizes it as a state law tort independent of the CBA. To the contrary, adjudication of the claim depends upon interpretation of the agreement which is preempted by the LMRA because (1) state law does not adequately address the unsafe working conditions alleged in Plaintiff's complaint and (2) Lockheed's duty to provide a safe workplace with respect to the supervision of co-employees is substantially dependent on the CBA.

#### a. State Law Does Not Control

Plaintiff contends that the right to a safe workplace is a nonnegotiable right, guaranteed by California Labor Code sections 2800, 6400, 4551, and 4553, which cannot be bargained for by contract. However, Plaintiff misconstrues these provisions.

California Labor Code section 2800 requires employers to indemnify employees for "losses caused by employer's want of ordinary care." This is merely an indemnification clause and does not provide a nonnegotiable right. Therefore, Plaintiff's reliance on this provision is misplaced.

Second, as Defendants point out and Plaintiff later concedes, Labor Code section 6400 relates to the physical conditions of the workplace (i.e., machinery repairs, toxics, etc.) and not to employee conduct. *Cole v. California,* 11 Cal.App.3d 671, 675, 90 Cal.Rptr. 74, 77 (1970).

Both Labor Code sections 4551 and 4553 refer to remedies available under the California Worker's Compensation Act to an injured employee for his or her own "serious and willful misconduct" or for that of the employer. These provisions do not define an employer's duty. They merely govern the amount of compensation that an employee may recover when prosecuting a claim under the Worker's Compensation Act.

#### b. Interpretation of the CBA Required

Plaintiff argues that Defendants are precluded from raising § 301 preemption because of the *Hayden* Court's conclusion that "the collective bargaining agreement does not describe Lockheed's duties in disciplining its management employees or in preventing management's tortious conduct." *Hayden,* 957 F.2d at 1511. However, the collective bargaining agreement does 'describe Lockheed's duties in monitoring and disciplining its regular employees. Article I, section 2 reads:

> The Company has and will retain the right and power to manage the plant and direct the working forces, including the right to hire, discipline, suspend or discharge for just cause, to promote, demote and transfer its employees, subject to the provisions of this Agreement. Any claim that the Company has exercised such right and power contrary to the provisions of this Agreement may be taken up as a grievance.... CBA, p. 16.

The CBA also mandates a grievance and arbitration procedure, which the parties agree provides a final and binding decision of a dispute submitted for settlement. Art. III, § 3, pp. 36–7. Thus, resolution of a charge brought against a co-employee turns upon application of the provisions of the CBA.

Further, Plaintiff has recognized that Lockheed has a company policy, No. 3.60–1, describing the procedures for disciplinary action in cases of employee misconduct. In the "References" subdivision, the policy explicitly lists "Collective Bargaining Agreements." In defining misconduct that is subject to disciplinary action, Part K lists "insubordination, verbal or physical threats, abuse or assault against other LMSC, government, vendor or contract employees." Policy, p. 5. If a personnel manual is authorized and incorporated by reference in the CBA, an employee's claim based on a policy in the manual is preempted by § 301. *Olguin v. Inspiration Consol. Copper Co.,* 740 F.2d 1468, 1474 (1984). Here, Plaintiff fails to oppose Defendants' contention that policy No. 3.60–1 is incorporated into the CBA.

Plaintiff cannot avoid federal preemption of her claim since both the CBA and company policy grant Lockheed the authority to supervise and discipline its work force. Based on the preemption of this claim, the Court has been divested of its discretion to remand the case to state court. Therefore, Plaintiff's motion to remand is DENIED.

### III. THE PARTIES' MOTIONS FOR SANCTIONS

Plaintiff moves for sanctions against Defendants pursuant to both 28 U.S.C. Section 1447(c), for improper removal, and Fed. R.Civ.P. 11, for failure to make a reasonable inquiry into the law, given the decisions in *Hayden* and *Casey.* Defendants cross-move for sanctions against Plaintiff under Rule 11, alleging that her motion to remand is frivolous, without legal basis, and misstates the law.

#### A. Legal Standard

 Under Rule 11, every signature on a pleading, motion or other paper constitutes certification of the merits of the document. Sanctions are mandatory when the paper is (1) not "well grounded in fact"; (2) not "warranted by existing law"; or (3) filed for an "improper purpose." This certification is designed to deter dilatory or abusive pretrial tactics. *Cooter & Gell,* 496 U.S. at 398, 110 S.Ct. at 2457.

 Because of the detrimental impact sanctions may have on an attorney's career, Rule 11 sanctions are reserved "for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation ..." *Operating Engineers Pension Trust v. A–C Co.,* 859 F.2d 1336, 1344 (9th Cir.1988). Thus, when a court considers a request for sanctions, it must resolve all doubts in favor of the signer of the pleading or paper. *Associated Indem. Corp. v. Fairchild Industries, Inc.,* 961 F.2d 32, 34 (2nd Cir.1992). But where a Rule 11 violation is found, the court has no discretion to refuse sanctions but only to determine the nature and amount of sanctions imposed. *Golden Eagle Distributing Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1536 (9th Cir. 1986). Sanctions shall be imposed whether the pleading or motion is frivolous in whole

or in part. *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir.1988).

## B. Analysis

■ While Plaintiff urges this Court to impose sanctions against Defendants, it is clear from the foregoing discussion that Defendants engaged in no sanctionable conduct. Thus, Plaintiff's motion for sanctions is DENIED. However, for the reasons expressed below, Plaintiff's conduct in connection with the pleaded RICO cause of action deserves examination under Rule 11.

■ To begin with, an attorney's responsibility to conduct a reasonable prefiling investigation is particularly important in RICO claims:

> Given the resulting proliferation of civil RICO claims and the potential for frivolous suits in search of treble damages, greater responsibility will be placed on the bar to inquire into the legal and factual bases of potential claims or defenses prior to bringing such suit or risk sanctions for failing to do so.

*Chapman & Cole v. ITEL Container Int'l B.V.*, 865 F.2d 676, 685 (5th Cir.1989). Given the fact that the RICO claim was added when Plaintiff amended her complaint, there was sufficient time available for her attorney to examine the facts and to ascertain the propriety of prosecuting a RICO claim. Instead, Plaintiff's attorney chose to "file first and investigate later," which is unacceptable. *Hale v. Harney*, 786 F.2d 688, 692 (5th Cir. 1986).

The RICO statute, 18 U.S.C. § 1961 et seq., prohibits and punishes the infiltration and corrupt operation of legitimate business operations affecting interstate commerce. It imposes enhanced sanctions on those engaged in racketeering activities, as defined by state or federal law. To properly plead a state civil racketeering claim, a plaintiff must allege at least two acts or threats of murder, kidnapping, gambling, arson, robbery, bribery, extortion, or dealing in obscene matter or narcotics. § 1961(1)(A). Conspiracy to violate state law constitutes "racketeering activity" only if the substantive offense it itself indictable under Section 1961. Thus, the predicate acts of Plaintiff's RICO claim—battery and conspiracy to harass union members—do not amount to state racketeering activity.

Not only did Mr. Steinberg plead the RICO claim without a factual basis, his argument in support of his motion to remand demonstrates that he did not conduct a reasonable inquiry into the law before filing it. Mr. Steinberg insisted that the case was improperly removed since there was no relief to be granted in the first place—physical injury or mental suffering are not compensable in a private civil RICO action. 18 U.S.C. § 1964(c); Plaintiff's Reply to Defendants' Opposition, 2:2–5. He contended that "had defendants done their homework," they would have discovered that recovery for personal injuries is not available for Plaintiff. *Id.* This argument is astounding, for it was his burden, not Defendants', to determine whether there was a legal basis for the RICO cause of action. Had Mr. Steinberg conducted a reasonable inquiry prior to filing the amended complaint, he would have discovered this. It was not until after Defendants removed the action to federal court that Mr. Steinberg admitted that the RICO cause of action was "one upon which relief [sic] cannot be granted." Plaintiff's Reply, 9:26–7.

Mr. Steinberg also errs in arguing that removal was improper because the RICO claim was improperly pled. Removal is proper so long as the federal question is substantial and identifiable. *James v. Bellotti*, 733 F.2d 989, 992 (1st Cir.1984). Furthermore, in removing an action to federal court, the removing party need do nothing more than comply with the removal statute. *Lou v. Belzberg*, 834 F.2d 730, 734 (9th Cir.1987). Here, Plaintiff's amended complaint explicitly stated a claim under RICO. Complaint, ¶¶ 37–43. As such, removal was proper. *Caterpillar*, 482 U.S. at 392, 107 S.Ct. at 2429. Mr. Steinberg has cited no authority and this Court is aware of none which would require Defendants' counsel to determine the sufficiency of Plaintiff's federal claim prior to removing the action. Furthermore, the Supreme Court has acknowledged that "[t]he nature of the relief available after (removal) jurisdiction attaches is, of course, different

from the question whether there is (removal) jurisdiction." *Id.*, 482 U.S. 386, 391 fn. 4, 107 S.Ct. 2425, 2429 fn. 4. *Cf. Galvez*, 933 F.2d at 776.

The baselessness of Mr. Steinberg's argument regarding removal is compounded by the fact that the complaint *also* prays for injunctive relief, which *is* available under RICO. 18 U.S.C. § 1964(c); Complaint, p. 11. Mr. Steinberg's failure to acknowledge this portion of his complaint renders his accusations against Defendants meritless and provides another basis for sanctioning his conduct.

At the oral argument on this matter, Mr. Steinberg admitted that the complaint was amended to include the RICO claim in order to obtain treble damages. In doing so, he did not conduct the proper inquiry into the factual and legal bases of the pleaded RICO claim and now attacks Defendants for the insufficiency of that cause of action. Given this frivolous conduct, Defendants' motion for Rule 11 sanctions is GRANTED.

However, to award sanctions, it must be shown that the improper claims or allegations increased the cost of litigation to the opposing party: "The district court was within its discretion in imposing Rule 11 sanctions as to a single count of a multiple count complaint, where the effect and cost of that count could be separated from that of the other counts." *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir.1988). Because the moving party bears the burden of documenting the hours expended and hourly rates, *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983), Defendants must prove the relation of expenses to the frivolous portion of Plaintiff's case.

Accordingly, Defendants are hereby directed to file, within ten (10) days of the filing date of this Order, a declaration detailing the expenses and legal fees incurred in defense of the RICO claim. This declaration must also include an itemized description of the work underlying the fees and expenses. Plaintiff may file an objection to Defendants' declaration within ten (10) days of the filing date of Defendants' declaration. Upon consideration of both documents, the Court will determine the appropriate amount of sanctions to be imposed on Plaintiff's attorney, Mr. Steinberg, which Order shall be stayed pending Plaintiff's appeal.

IT IS SO ORDERED.