Velma BURNETTE, Plaintiff–Appellant,

v.

LOCKHEED MISSILES & SPACE COMPANY, INC.; Lockheed Corporation; Robert Godshall, Defendants–Appellees.

No. 94–15984.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 16, 1995.

Decided Dec. 27, 1995.

Henry M. Steinberg, San Francisco, California, for plaintiff-appellant.

John C. Cook, Cook & Roos, San Francisco, California and Daniel P. Westman, Shep-

pard, Mullin, Richter & Hampton, San Francisco, California, for defendants-appellees.

Before: NORRIS, BEEZER and TROTT, Circuit Judges.

■ We affirm the judgment of the district court dismissing with prejudice plaintiff's spurious civil RICO claim against the defendants, and imposing sanctions against plaintiff's attorney, Henry M. Steinberg.[1] The relevant facts as explained in the district court's well-reasoned opinion, *Burnette v. Godshall*, 828 F.Supp. 1439 (N.D.Cal.1993), are as follows: Velma Burnette brought this action in California Superior Court against defendants following an altercation she had with Godshall. After Burnette amended her complaint to add a claim under the Racketeer Influenced and Corrupt Organization Act ("RICO"), the action was removed to federal district court. Henry Steinberg, Burnette's attorney, moved that the court dismiss the RICO claim without prejudice and remand the other claims to state court. Steinberg admitted that the RICO cause of action was added without diligent research and in an attempt to obtain treble damages. *Id.* at 1444. Furthermore, Steinberg argued with a straight face that the removal was improper because "had the defendants done their homework" they would have found that Burnette's RICO claim was meritless. *Id.* at 1448.

The district court dismissed Burnette's RICO claim with prejudice. *Id.* at 1443–44. Dismissal with prejudice was not an abuse of discretion given Steinberg's admission that the claim was added without diligent research and apparently without regard to its merit.

■ The district court imposed Rule 11 sanctions on Steinberg. On appeal, Steinberg argues that the district court lacked jurisdiction to sanction him for papers that were signed before the action was removed to federal court. Steinberg's argument is misleading because the district court did not sanction him for his behavior in state proceedings; this was clearly explained by the district court in its August 30, 1993 Order:

> The Court imposed sanctions not because Plaintiff had filed a frivolous RICO claim in state court. Rather, sanctions were awarded because Mr. Steinberg, Plaintiff's counsel, advanced baseless arguments in his motion to remand, which he signed and filed in this Court. Specifically, the Court determined that sanctions were appropriate because of Mr. Steinberg's astonishing argument that it was the Defendants' burden to determine the sufficiency of Plaintiff's federal claim before removing it to this Court.

We hold that the district court did not abuse its discretion in imposing sanctions for Steinberg's baseless argument.

Finally, Burnette has not appealed the district court's denial of her motion to remand. Therefore, we need not consider section II of the district court's opinion, *Burnette*, 828 F.Supp at 1444–47, concerning preemption under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a).

**AFFIRMED.**

---

1. Remaining issues are decided in a separate unpublished memorandum disposition.