**James H. GARDNER, Plaintiff–Appellant,**

**v.**

**MOBIL OIL CORPORATION; et al., Defendants–Appellees.**

No. 01–55646.

D.C. No. CV–00–00364–VAP.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 21, 2003.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

## MEMORANDUM**

James H. Gardner appeals pro se the district court's summary judgment for his former employer in his action alleging race, age, and disability discrimination, re-

---

\* The panel unanimously finds this case suitable for decision without oral argument, and denies Gardner's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

taliation, breach of the collective bargaining agreement, and state law torts. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Hayden v. Reickerd,* 957 F.2d 1506, 1508 (9th Cir. 1991), and we affirm.

Gardner is an African–American male between the ages of 40–70 who was employed by defendant Mobil Oil Corp from September 13, 1977 until his termination on July 31, 1997. Gardner's allegations stem from his suspension in October 1995, a Lease Automatic Custody Tanks investigation in 1996, his termination in July 1997, and his claims of discrimination during the course of his employment.

■ Summary judgment was proper on Gardner's racial discrimination claim because he failed to produce evidence to support his allegations. *See Kennedy v. Allied Mutual Ins. Co.,* 952 F.2d 262, 266 (9th Cir.1991) (a party cannot create an issue of fact by submitting an affidavit contradicting prior deposition testimony without explanation).

■ The district court properly granted summary judgment on Gardner's disability discrimination claim because Gardner produced no evidence that he could perform the essential functions of his job with or without a reasonable accommodation. *See Fredenburg v. Contra Costa County Dep't. of Health Services,* 172 F.3d 1176, 1180 (9th Cir.1999) (plaintiff needs to identify a vacant position or indicate how transfer would enable her to perform the essential functions of her job).

■ The district court properly granted summary judgment on Gardner's retaliation and age discrimination claims because Gardner failed to produce specific facts to support his conclusory accusations. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (conclusory allegations unsupported by any

documents or other evidence fails to create a triable issue of fact).

■ The district court properly granted summary judgment on Gardner's wrongful termination claim because he failed to establish his union breached its duty of fair representation. *See Stevens v. Moore Bus. Forms,* 18 F.3d 1443, 1447 (9th Cir. 1994) (holding that an employee may not bring an action against the employer unless the employee can show that the union breached its duty of fair representation).

■ Furthermore, the district court properly granted summary judgment on Gardner's state law claims because, by his own admissions, his state law claims are based on his employment agreement. *See Hayden,* 957 F.2d at 1508–09 (holding that the Labor Management Relations Act preempts state law claims "if their evaluation is inextricably intertwined with the terms of a labor contract"); *Cole v. Fair Oaks Fire Protection Dist.,* 43 Cal.3d 148, 160, 233 Cal.Rptr. 308, 729 P.2d 743 (1987) (holding that emotional distress claims based on alleged misconduct that is a normal part of the employment relationship come within the exclusive remedy provisions of workers' compensation law).

■ We decline to consider Gardner's claims under the Family Medical Leave Act and California Family Rights Act raised for the first time on appeal. *See Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc.,* 752 F.2d 1401, 1404 (9th Cir.1985).

Gardner's remaining contentions lack merit.

**AFFIRMED.**