Jacqueline WILLIAMS, Plaintiff,

v.

PERALTA COMMUNITY COLLEGE
DIST., Defendant.

No. C–03–3254 EMC.

United States District Court,
N.D. California.

April 28, 2005.

Jacqueline Williams, Oakland, CA, pro se.

Greta W. Schnetzler, Michael A. Laurenson, San Francisco, CA, for Defendant.

## ORDER GRANTING PLAINTIFF'S REQUEST FOR DISMISSAL

CHEN, District Judge.

Currently pending in this Court is *pro se* Plaintiff Jacqueline Williams' complaint alleg-

ing discrimination in violation of the Americans with Disabilities Act. The case has not proceeded beyond filing of a series of complaint and amendments in the course of *in forma pauperis* proceedings. Although it has been pending for months, substantive proceedings have been delayed in part because of Ms. Williams' health and attempts to find counsel.

On April 12, 2005, Ms. Williams filed a document titled "Plaintiff Request Dismissed of this case." In the document, Ms. Williams states that she "is dropping the case [because] it is hard to fin[d] a[n] attorney to fight Peralta Community College and because of the pressure in my eye too." The Court construed this document as a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) and ordered Defendant Peralta Community College District ("District") to file a response to Ms. Williams' motion. In its response, the District states that it does not object to Ms. Williams' request for dismissal. It also states that it "will waive making a request for costs if the dismissal is with prejudice." Resp. at 1.

Having considered the parties's submissions, and all evidence in the record, the Court hereby GRANTS Ms. Williams' request for dismissal and dismisses her case without prejudice. The dismissal of this case is *not* conditioned upon payment of the District's costs by Ms. Williams.

## I. *DISCUSSION*

Rule 41(a)(2) provides that,

[e]xcept as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed.R.Civ.P. 41(a)(2). Pursuant to the rule, the Court must make three separate determinations: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed. *See Burnette v. Godshall,* 828 F.Supp. 1439, 1443 (N.D.Cal.1993), *aff'd sub nom. Burnette v.*

*Lockheed Missiles & Space Co.,* 72 F.3d 766, 767 (9th Cir.1995)

### A. *Whether to Allow Dismissal*

The Ninth Circuit has instructed that "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches,* 263 F.3d 972, 975 (9th Cir.2001). "[L]egal prejudice means prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 976 (internal quotation marks omitted). "[U]ncertainty because a dispute remains unresolved or because the threat of future litigation ... causes uncertainty does not result in plain legal prejudice. Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Id.* (internal quotation marks omitted). Furthermore, "the expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westlands Water Dist. v. United States,* 100 F.3d 94, 97 (9th Cir.1996).

In the instant case, the District does not assert in its briefing that it will suffer any prejudice if the case were to be dismissed. Indeed, as noted above, the District states that it does not oppose the request for dismissal. Accordingly, the Court grants Ms. Williams' request to dismiss her case. *See Genty v. Township of Gloucester,* 736 F.Supp. 1322, 1326 (D.N.J.1990) ("Where no parties object, the court should allow the dismissal.").

### B. *Whether the Dismissal Should be With or Without Prejudice*

In her request for dismissal, Ms. Williams did not specify whether she wanted the dismissal to be with or without prejudice. The Ninth Circuit has indicated that, if a plaintiff fails to specify whether the request is for dismissal with or without prejudice, the matter is left to the discretion of the lower court. *See Hargis v. Foster,* 282 F.3d 1154, *amended by* 312 F.3d 404, 406 (9th Cir.2002). Dismissal with prejudice may be appropriate where "it would be inequitable or prejudicial

to defendant to allow plaintiff to refile the action." *Burnette*, 828 F.Supp. at 1443; *see also Brooks v. State Bd. of Elections*, 173 F.R.D. 547, 549–50 (S.D.Ga.1997) (noting that, "[w]here legal prejudice is especially aggravated, some courts go beyond the scope of the plaintiff's motion and impose the ultimate condition: dismissal with prejudice"; adding that "[t]hese situations have usually arisen where the plaintiff waited until the defendant is on the verge of triumph to move for a Rule 41(a)(2) dismissal"). Factors that may be considered in determining whether a dismissal should be with or without prejudice include: "(1) the defendant's effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Id.* at 1443–44 (internal quotation marks omitted).

▪ Here, taking into account the lack of any legal prejudice to the District, the relatively early stage of the proceedings, the fact that Defendant has not invested substantial resources into this litigation, and Ms. Williams' reasons for dismissing her case (inability to find counsel, health), the Court exercises its discretion to dismiss the case without prejudice.

### C. *Terms and Conditions of Dismissal*

▪ Implicitly, the District has asked for costs as a condition for a dismissal without prejudice. *See* Def.'s Resp. at 1 ("Defendant will waive making a request for costs if the dismissal is *with* prejudice.") (emphasis added). Although costs are often awarded as a condition of dismissal without prejudice, *see* 8–41 Moore's Fed. Prac.-Civ. § 41.40[10][d][I], the Ninth Circuit has stated that "[i]mposition of costs and fees as a condition for dismissing without prejudice is not mandatory." *See Westlands*, 100 F.3d at 97. "In determining whether to award costs . . . to [a] defendant[ ] after a voluntary dismissal without prejudice, courts generally consider the following factors: (1) any excessive and duplicative expense of a second litigation[ 1]; (2) the effort and expense in-

curred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss." 8–41 Moore's Fed. Prac.-Civ. § 41.40[10][d][I]. The Ninth Circuit has also indicated that the merits of the plaintiff's case has some relevance, although it has not decided whether a plaintiff's good faith in bringing and pursuing the action to the point of dismissal is a factor to consider. *See Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 922 (9th Cir.1989) (declining to decide whether plaintiff's good faith can be a factor to consider in determining whether costs should be a condition of dismissal; ultimately upholding denial of costs because, even though plaintiff asked for voluntary dismissal after it lost on the main issue in the case, it was a close question as to whether plaintiff would prevail on that issue).

▪ Given the above, the Court does not award costs to the District as a condition to the dismissal of Ms. Williams' case. The District has not incurred significant costs in litigating this suit. Even though it was initiated back in July 2003, the suit has not progressed. Ms. Williams seeks dismissal even before the initial disclosures are due in this case. At this point, there has been no demonstration that Ms. Williams' case is entirely without merit. While there may be some risk to the District that Ms. Williams may refile her case, that is far from a certainty at this point given potential statute of limitations bar that may apply.

The Court further notes an award of costs would be inconsistent with the ADA. The Ninth Circuit has held that the ADA's express provision on costs trumps Federal Rule of Civil Procedure 54(d)(1) which generally allows for recovery of costs by prevailing parties. In ADA cases, costs may be awarded to a prevailing defendant only under the rigorous *Christianburg* standard—*i.e.*, only if the plaintiff's action is found to be frivolous, unreasonable, or without foundation. *See Brown v. Lucky Stores*, 246 F.3d 1182, 1190 (9th Cir.2001). As noted above, the Court

---

1. *See Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir.1985) (noting that "[t]he purpose of such awards is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) taken by defendant that the same suit will be refiled and will impose duplicative expenses upon him").

has no factual basis here to make such a determination.

## II. *CONCLUSION*

For the foregoing reasons, Ms. Williams' case is dismissed without prejudice. The Clerk of the Court is directed to close the file in this case and enter judgment accordingly.

IT IS SO ORDERED.