Linder HOLLINQUEST, Plaintiff,

v.

ST. FRANCIS MEDICAL CENTER,
et al., Defendants.

No. CV–94–5058 LGB(Jgx).

United States District Court,
C.D. California.

Aug. 26, 1994.

Connie L. Michaels and Robert F. Millman, Littler Mendelson Fastiff Tichy & Mathiason, Los Angeles, CA, for defendants.

## ORDER

BAIRD, District Judge.

Plaintiff, Linder Hollinquest's ("Hollinquest") motion to remand this action to state court that was scheduled to be heard on August 29, 1994 was taken off calendar and under submission by this Court. After considering the moving and opposing papers, and all other matters presented, this Court DENIES Hollinquest's motion to remand.

## BACKGROUND:

On June 23, 1994, Hollinquest initiated this action in state court against St. Francis Medical Center ("St. Francis"), Ana Castro ("Castro"), Gina Collantes ("Collantes") and Does 1–50. The complaint contains the following causes of action:

1. Termination in violation of public policy;

2. Breach of implied contract of continued employment;

3. Breach of the covenant of good faith and fair dealing;

4. Libel and Slander; and

5. Interference with contract and economic advantage.[1]

On July 27, 1994, Defendants removed the action to this court. Defendants asserted that this Court had jurisdiction based upon the Labor Management Relations Act, ("LMRA") 29 U.S.C. § 185 et seq.

## STANDARD:

*Motion to remand*

28 U.S.C. § 1447 provides that:

(c) If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

. . . . .

28 U.S.C. § 1447(c).

 Removal statutes are construed restrictively so as to limit removal jurisdiction. The removing party has the burden of establishing the grounds for the federal jurisdiction and doubts as to the removability of an action are resolved in favor of remanding the case to state court. *Shamrock Oil & Gas Corp v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Salveson v. Western States Bankcard Ass'n,* 525 F.Supp. 566 (N.D.Cal.1981), *aff'd,* 731 F.2d 1423 (1984).

## ANALYSIS:

 The LMRA established a federal cause of action for disputes regarding contractual violations between an employer and an employee. The LMRA preempts any and all state causes of action for an alleged violation of the terms of a collective bargaining agreement ("CBA") between the parties. *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 405–06, 108 S.Ct. 1877, 1881, 100 L.Ed.2d 410 (1988)[2]; *Hayden v. Reickerd,* 957 F.2d 1506 (9th Cir.1992).

---

**1.** Although the caption asserts five causes of action, the body of the complaint does not contain any allegations regarding a cause of action for interference with contractual and economic relations.

**2.** A state law claim is preempted if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement. *Id.,* 486 U.S. at 405–06, 108 S.Ct. at 1881.

■ The law is clear that a cause of action founded directly on rights created by collective bargaining agreements or a claim based on a state law right that requires the interpretation of a collective bargaining agreement is preempted. *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 23, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983); *Hayden,* 957 F.2d at 1509; *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1211 (9th Cir.1980). Moreover, the Supreme Court has stated that the LMRA preempts tort causes of action, such as claims for intentional infliction of emotional distress and claims for breach of the covenant of good faith and fair dealing, when the evaluation of the tort claim "is inexplicably intertwined with consideration of the terms of the labor contract." *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 215, 105 S.Ct. 1904, 1913, 85 L.Ed.2d 206 (1985). *Chmiel v. Beverly Wilshire Hotel Co.,* 873 F.2d 1283, 1285 (9th Cir.1989).

### a. Cause of action 1

### Wrongful termination

■ Plaintiffs first cause of action is for wrongful termination in violation of public policy. Plaintiff, in her first cause of action asserts that:

8. Because Plaintiff is a registered nurse she is bound as a professional, to abide by the provisions of each of the following:

(a) The Nursing Practice Act set forth in the California Business & Professions Code [3];

(b) The regulations adopted by the Board of Registered Nurses pursuant to the Nursing Practice Act;

(c) The Code for Nurses published by the American Nurse's Association;

(d) The Patient's Bill of Rights adopted by the American Nurse' Association;

(e) The Patient Protection Act of 1991.

9. During the course of Plaintiff's professional employment by the St. Francis Medical Center she became aware of ongoing conflicts between certain members of the Hospital's Staff and the Hospital's patients (the majority of whom were from the community in which the Hospital is located and in which Plaintiff resides).

10. Plaintiff is informed, and based upon such information believes that the conflicts described above resulted from the lack of respect, or concern, which certain staff members had for the racial and cultural values of the Hospital's patients and members of the community in which the St. Francis Medical Center is located.

11. On several occasions Plaintiff complained to both her supervisors, and members of the administration of the St. Francis Medical Center that because of the inability of certain staff members to communicate with the Hospital's patients, and the inability of some staff members to fully comprehend the concerns expressed by the Hospital's English speaking patients, the health, safety and well being of the Hospital's patients was being endangered.

12. In addition to the foregoing Plaintiff became concerned with the competence of the supervisory nurses employed by the St. Francis Medical Center and their lack of supervisory and organizational skills.

13. As a result of the foregoing Plaintiff attempted to bring the aforementioned problems to the attention of the Hospital administration in a manner consistent with established Hospital policy and her obligations under the law of the State of California and the codes of conduct of her profession.

. . . .

18. As a proximate result of Plaintiff's conduct as described above, and in violation of the law of the State of California as set forth above, supervisory and administrative personnel of Defendant St. Francis Medical Center verbally harassed Plaintiff in their attempts to discourage Plaintiff from speaking out about her concerns relating to the health and safety of the Hospital's patients.

. . . .

20. Ultimately Plaintiff was told that unless she stopped complaining about the

---

3. The Nursing Practice Act, Cal.Bus. & Prof. Code § 2700 et seq. governs the administration of and the qualifications for nurses to practice in California.

manner in which supervisory employees were performing their assignments, and the manner in which patients were being treated, she would face more severe sanctions.

21. As a proximate result of Plaintiff's continuing attempt to carry out her professional obligations, and in violation of public policy set forth above, Defendant St. Francis Medical Center terminated Plaintiff's employment on May 13, 1994.

It is undisputed that during all relevant times, Plaintiff's employment was governed by a CBA between Defendant, St. Francis and a union that represented Plaintiff.[4] Exhibit 1 attached to Defendant's notice of removal. Although Plaintiff asserts that her causes of action are for violations of the five public policies stated in ¶ 8 of her complaint, the only "policy" that this Court was able to locate was the Nursing Practices Act, Cal. Bus. & Prof.Code § 2700. As indicated in note 3 *supra*, this statute does not contain any public policy whatsoever, but rather contains information regarding the administration of and requirements for a person to practice as a nurse in this state. Thus, the law is clear that Plaintiff's first cause of action for wrongful termination in violation of public policy is merely a claim for wrongful termination.

■ To determine whether Plaintiff was wrongfully terminated from her employment at St. Francis, this Court must examine the CBA.[5] Accordingly, Plaintiff's first cause of action is preempted by the LMRA, because this Court must analyze and interpret the provisions of the CBA to determine whether Plaintiff was wrongfully terminated by St. Francis.[6] *Lingle,* 486 U.S. at 405–06, 108 S.Ct. at 1881 (1988); *Franchise Tax Bd. of Cal.,* 463 U.S. at 23, 103 S.Ct. at 2853 (1983);

*Hayden,* 957 F.2d at 1509; *Fristoe,* 615 F.2d at 1211.

### b. Cause of action 2
### Breach of implied contract

■ Plaintiff's second cause of action is for breach of implied contract for continued employment. The second cause of action contains assertions that:

25. During the entire period of Plaintiff's employment she consistently received either good or satisfactory performance evaluations and was assured that she would not be terminated arbitrarily, and relied on such representations in accepting and maintaining her employment with the St. Francis Medical Center.

26. As a result of the foregoing Plaintiff reasonably concluded that she and the St. Francis Medical Center had entered into an implied contract that Plaintiff would not be discharged unless there was good cause to do so.

27. Based on the ongoing oral representations and promises of the administrative staff of the St. Francis Medical Center that Plaintiff would continue to be employed by said Defendant so long as her performance was satisfactory, and that Defendant would not discharge her without good and just cause, Plaintiff continued in the Hospital's employment until May 13, 1994, when she was unjustly and unreasonably terminated without reasonable cause or prior warning in violation of Hospital policy.

28. Plaintiff fulfilled her duties under the terms and conditions of the contract and has been ready, willing, and able to continue performing in a competent and satisfactory manner.

Plaintiff asserts that her "oral contract" was separate and independent from the CBA

---

4. Plaintiff was a member of the St. Francis Registered Nurses Association, the United Nurses Associations of California, the National Union of Hospital and Health Care Employees, AFSCME, AFL–CIO. Notice of removal 3:23–26.

5. The CBA contains a section which indicates that St. Francis "shall have the right to discharge or assess disciplinary action against any registered nurse for 'just cause' only." Exhibit 1, Article VII, attached to notice of removal.

6. In contrast, a cause of action for violation of Cal.Gov.Code § 12940, which prohibits employment discrimination is not preempted by the LMRA because the state statute protects rights that are independent of the collective bargaining agreement. *See e.g., Ramirez v. Fox Television Station Inc.,* 998 F.2d 743 (9th Cir.1993); *Jackson v. Southern Cal. Gas Co.,* 881 F.2d 638 (9th Cir.1989);

that governed her employment, and thus, it is not preempted by the LMRA. Plaintiff's position, however, is not persuasive. There was a CBA that was in effect between St. Francis and Plaintiff's union during Plaintiff's employment. The CBA governed the terms and conditions of Plaintiff's employment as a nurse with St. Francis. Thus, Plaintiff's assertions that she had a separate and independent "oral contract" governing her employment with St. Francis that is not preempted by the LMRA fails; Plaintiff's employment as a nurse was governed by the CBA and any agreement concerning her employment could be effective only if it is interpreted as part of the CBA. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 998–998 (9th Cir.1987)[7]; *Stallcop v. Kaiser Foundation Hospitals*, 820 F.2d 1044, 1048 (9th Cir.1987)

Thus, Plaintiff's second cause of action for breach of implied contract is essentially a cause of action for wrongful termination in violation of the terms of the CBA. Accordingly, Plaintiff's second cause of action is clearly preempted by the LMRA because it necessarily requires this Court to interpret the provisions of the CBA. *Lingle*, 486 U.S. at 405–06, 108 S.Ct. at 1881; *Franchise Tax Bd. of Cal.*, 463 U.S. at 23, 103 S.Ct. at 2853; *Hayden*, 957 F.2d at 1509; *Fristoe*, 615 F.2d at 1211.

### c. Cause of action 3

#### Breach of implied covenant of good faith and fair dealing

■ Plaintiff's third cause of action is for breach of the implied covenant of good faith

and fair dealing. Plaintiff's third cause of action incorporates the first and second causes of action by reference. Additionally, it contains the following assertions:

31. The employment agreement referred to above contained an implied covenant of good faith and fair dealing, which obligated Defendant St. Francis Medical Center to perform the terms and conditions of the agreement fairly and in good faith and to refrain from doing any act that would prevent or impede Plaintiff from performing any or all of the terms and conditions of the contract that she agreed to perform or any act that would deprive Plaintiff of the benefits of the contract.

Plaintiff's third cause of action for breach of the covenant of good faith and fair dealing is inexplicably intertwined with the CBA because a determination of whether Defendant breached the covenant of good faith and fair dealing would necessarily require this Court to examine the CBA. *Allis–Chalmers*, 471 U.S. at 215, 105 S.Ct. at 1913; *Chmiel*, 873 F.2d at 1285. Accordingly, Plaintiff's third cause of action for breach of the implied covenant of good faith and fair dealing in preempted by the LMRA. *Lingle*, 486 U.S. at 405–06, 108 S.Ct. at 1881; *Franchise Tax Bd. of Cal.*, 463 U.S. at 23, 103 S.Ct. at 2853; *Hayden*, 957 F.2d at 1509; *Fristoe*, 615 F.2d at 1211.

### d. Cause of action 4

#### Slander and libel

Plaintiff's fourth cause of action specifically incorporate the first three causes of action by

---

7. In *Young*, the Ninth Circuit was faced with facts that are strikingly similar to those that are currently before this Court. An employee, whose employment and job position was governed by a CBA asserted that her claim for breach of an independent oral contract was not preempted by the LMRA. The Ninth Circuit stated that:

Young contends that her individual labor contract is independent of the CBA and that her contract claim is thus not a claim for breach of the CBA. The subject matter of her contract, however, is a job position covered by the CBA. Because any independent agreement of employment concerning that job position could be effective only as part of the collective bargaining agreement the CBA controls and the contract claim is preempted.

*Id.*, 830 F.2d at 997–998 (citations omitted).

The *Young* Court noted that a breach of contract claim concerning a job not governed by a collective bargaining agreement could be effective independent of the agreement and is therefore not completely preempted. For instance in *Caterpillar Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987), the Supreme Court held that the Plaintiffs' causes of action for breach of contract were not preempted because the Plaintiffs were asserting contractual agreements made while they were in managerial or weekly salaried positions—positions that were not governed by the CBA. Thus, the *Caterpillar* Court held that the Plaintiffs' causes of action for breach of contract were not preempted by the LMRA. *Id.*

728

reference. It continues with the following allegations:

41. Plaintiff is informed, and based upon such information believes that in the one year preceding the filing of this action, and in particular during the first half of May 1994, Defendants Ana Castro, Gina Collantes, and Does 1 through 50 with the knowledge and consent of members of the administrative staff of the St. Francis Medical Center caused one or more written documents to be circulated amongst the employees and staff of the St. Francis Medical Center in which they made false and disparaging [sic] statement concerning Plaintiff's personal and professional demeanor.

42. Plaintiff is unaware of the exact nature of the defamatory statements made by Defendants to third parties during the year proceeding the filing of this action, but will show the nature of such statements at the time of trial herein.

The allegations contained in the fourth cause of action are vague, at best. However, based upon the analysis *supra,* this Court certainly has subject matter jurisdiction over the first through third causes of action. Thus, it is irrelevant whether Plaintiff's fourth cause of action is or is not preempted by the LMRA.[8]

### 5. *Interference with contractual and economic relations*

Although the caption of the complaint indicates that Plaintiff asserted a cause of action for interference with contractual and economic relations, the body of the complaint does not contain any allegations regarding this cause of action. Moreover, based upon the analysis *supra,* this Court has jurisdiction over this matter because the first through third causes of action are preempted by the LMRA.

**IT IS SO ORDERED.**

---

**8.** Defendant suggests, in its removal notice, that the allegations in Plaintiff's fourth cause of action might have been based upon St. Francis' response to a grievance that Plaintiff filed. If that is true, then Plaintiff's fourth cause of action is preempted. *Shane v. Greyhound,* 868 F.2d 1057, 1063 (9th Cir.1989); *Hyles v. Mensing,* 849 F.2d 1213, 1217 (9th Cir.1988).