35 F.3d 566
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Deloris M. McGLONE, Plaintiff-Appellant,
v.
CINTAS CORPORATION, Defendant-Appellee.
 No. 93-6062.
 United States Court of Appeals, Sixth Circuit.
 Sept. 8, 1994.
 
 Before: GUY* and BOGGS, Circuit Judges; and CLELAND, District Judge.**
 PER CURIAM.
 
 
 1
 The plaintiff, Deloris M. McGlone, appeals from a judgment of the district court dismissing her complaint. McGlone alleges that she was discharged from her employment, in violation of Kentucky state law, for engaging in union organizing activities. We affirm because we agree with the district court that this action is preempted by the National Labor Relations Act.
 
 I. Facts
 
 2
 The relevant facts are not in dispute. On February 18, 1992, McGlone filed an unfair labor practice charge with the National Labor Relations Board (NLRB) against her former employer, Rental Uniform Service,[1] alleging that she was discharged because of her activities in support of Teamsters Local 505. She claimed that her former employer had engaged in unfair labor practices within the meaning of section 8(a)(1) of the National Labor Relations Act (NLRA), 29 U.S.C. Sec. 141 et seq., which forbids an employer from interfering, restraining, or coercing employees in the exercise of their rights guaranteed by section 7 of the Act. Her charge further alleged a violation of section 8(a)(3), which forbids an employer from discriminating against employees with regard to hire or tenure of employment, as well as other terms and conditions of employment, for the purpose of discouraging or encouraging membership in a labor organization protected by section 7 of the Act.
 
 
 3
 On April 2, 1992, the Acting Director of Region 9 of the NLRB declined to issue a complaint against the employer, finding insufficient evidence that McGlone was discharged for supporting union activities. McGlone appealed this determination to the Office of General Counsel. This appeal was denied.
 
 
 4
 McGlone then brought this action in Boyd County, Kentucky, Circuit Court. In her complaint, she alleges that she "became involved in an attempt by the employees of Cintas Corporation to organize a union pursuant to [the NLRA]." (App. 12). McGlone further claims that the attempt to organize a union was unsuccessful and thereafter Cintas engaged in unfair and illegal acts of intimidation and harassment in violation of Kentucky Revised Statute Sec. 336.130.[2] McGlone also states that she was terminated in retaliation for her activities, in violation of section 336.130.
 
 
 5
 Cintas removed the action to the United States District Court for the Eastern District of Kentucky, alleging diversity jurisdiction and original jurisdiction pursuant to the NLRA.[3] Cintas then moved the court to dismiss the action, arguing that McGlone's state law claim was preempted by federal labor law, and that the NLRB's refusal to issue a complaint was an unreviewable disposition of this matter. McGlone opposed the motion, arguing that the state law claim was not preempted and that the action should be remanded to state court. The district court agreed with Cintas and dismissed the case.
 
 II. Analysis
 
 6
 The principal question presented by this appeal is whether the NLRB has exclusive jurisdiction over an unfair labor practice charge based on an employee's termination allegedly due to her attempt to organize a union. The same issue was before this court in Baldridge v. Kentucky-Ohio Transportation, Inc., 983 F.2d 1341 (6th Cir.1993), but rather than address it, the court elected to decide the case on other grounds. Senior Judge Celebrezze, however, writing in dissent, reached the issue the majority found unnecessary to reach and opined that such a claim is preempted by federal labor law. Id. at 1351. After reviewing the relevant cases, we agree with Judge Celebrezze's analysis.[4]
 
 
 7
 In San Diego Building Trades Council v. Garmon, 359 U.S. 236 (1959), a case dealing with the preemptive effect of the NLRA, the Court stated:
 
 
 8
 When an activity is arguably subject to Sec. 7 or Sec. 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted.
 
 
 9
 Id. at 245. This principle, which is often referred to as the Garmon rule, "protects the primary jurisdiction of the NLRB to determine ... what kind of conduct is either prohibited or protected by the NLRA." Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 748 (1985). More recently, the Court observed that:
 
 
 10
 [S]tates may not regulate activity that the NLRA protects, prohibits, or arguably protects or prohibits.... [T]he Garmon rule prevents States not only from setting forth standards of conduct inconsistent with the substantive requirements of the NLRA, but also from providing their own regulatory or judicial remedies for conduct prohibited or arguably prohibited by the Act.
 
 
 11
 Wisconsin Dep't of Indus. v. Gould Inc., 475 U.S. 282, 286 (1986) (citation omitted).
 
 
 12
 In Motor Coach Employees v. Lockridge, 403 U.S. 274, 285-91 (1971), the Supreme Court examined the reasons for the application of the doctrine of preemption in the area of labor law. The Court also identified three areas in which the courts have made exceptions to the Garmon rule: (1) where Congress has affirmatively indicated that judicial power should exist; (2) where the Court cannot presume Congress meant to "intrude so deeply into areas traditionally left to local law"; and (3) where the law is so structured "that judicial supervision will not disserve the interests promoted by the federal labor statutes." Id. at 297-98.
 
 
 13
 McGlone alleges that she was terminated for engaging in union organizing activities. Section 7 of the NLRA provides that "[e]mployees shall have the right ... to form, join, or assist labor organizations ... and to engage in ... concerted activities for the purpose of collective bargaining or other mutual aid or protection[.]" 29 U.S.C. Sec. 157. Section 8(a)(1) of the NLRA provides:
 
 
 14
 (a) It shall be an unfair labor practice for an employer--
 
 
 15
 (1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title[.]
 
 
 16
 29 U.S.C. Sec. 158. Courts have consistently held that the NLRA prohibits employers from discharging employees in retaliation for union activities, including union organizing activities. See, e.g., Goldtex, Inc. v. NLRB, 14 F.3d 1008 (4th Cir.1994) (applying sections 8(a)(1) and 8(a)(3) of the NLRA to the discharge of four employees who alleged they were terminated because of their involvement in a union organizational drive); Cumberland Farms, Inc. v. NLRB, 984 F.2d 556, 560 (1st Cir.1993) ("When an employer discharges an employee for supporting a union, he violates [section 8(a)(3) of the NLRA]."). Given that McGlone's conduct is protected by section 7 of the NLRA, and that her termination is prohibited by section 8, "the matter is at an end, and the [state is] ousted of all jurisdiction." Garmon, 359 U.S. at 245.
 
 
 17
 This is not a case that comes within any of the three recognized exceptions to the Garmon rule. First, McGlone has not proffered any evidence of Congress affirmatively indicating that state courts should be empowered to handle claims stemming from an employee's alleged discharge for engaging in union organizing activities. In fact, the express language of sections 7 and 8 of the NLRA belies such a suggestion. Second, the conduct at issue here is not of the type that is so deeply rooted in local law that a state court should have concurrent jurisdiction. This exception is limited primarily to claims in which the state court action can "be adjudicated without resolution of the 'merits' of the underlying labor dispute." Farmer v. United Bhd. of Carpenters & Joiners Local 25, 430 U.S. 290, 304 (1977). See, e.g., Linn v. United Plant Guard Workers Local 114, 383 U.S. 53 (1966) (libel); United Automobile Workers v. Russell, 356 U.S. 634 (1958) (mass picketing and threats of violence). When "the substance of the dispute is the same under both state and federal law, the state law must yield to the jurisdiction of the NLRB." Parker v. Connors Steel Co., 855 F.2d 1510, 1518 (11th Cir.1988), cert. denied, 490 U.S. 1066 (1989). Because the alleged misconduct of Cintas is directly covered by provisions of the NLRA, any balancing of local interests against the regulatory scheme compels preemption. See Farmer, 430 U.S. at 305 ("[W]e reiterate that concurrent state-court jurisdiction cannot be permitted where there is a realistic threat of interference with the federal regulatory scheme."); Parker, 855 F.2d at 1518 ("[T]he substance of the employees' labor charge and their state [law] claims are identical. The facts and allegations of both claims are also identical. In such circumstances it would not be proper to allow the employees to escape the Garmon preemption doctrine...."). Third, state judicial supervision of core elements of the employment relationship would certainly disserve the federal interest in uniformity and expert administrative supervision promoted by the federal labor statutes. Motor Coach Employees, 403 U.S. 274, 297-88, 91 S.Ct. 1909, 1923 (1971); Vaca v. Sipes, 386 U.S. 171, 180, 87 S.Ct. 903, 911-12 (1967).
 
 
 18
 We also find no merit to McGlone's argument that her state law claim should remain viable because she is seeking redress not allowed by the NLRA--personal damages. The Supreme Court, in examining the preemptive effect of ERISA on state law claims, observed that the "policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987). Although the issue before us does not involve ERISA, the Supreme Court's reasoning in Pilot Life is instructive. To allow McGlone to bring a claim under state law because she is unhappy with the remedies chosen by Congress would undermine the authority of the NLRA and be inconsistent with the doctrine of preemption.
 
 
 19
 Finally, McGlone asserts that the NLRB's General Counsel's decision not to prosecute her claim does not constitute a decision on the merits, so the doctrine of res judicata is not implicated. A panel of this court, however, has found that a "General Counsel's refusal to issue a complaint is within his prosecutorial discretion and the courts are without jurisdiction to review that discretionary act." Jackman v. NLRB, 784 F.2d 759, 764 (6th Cir.1986). Similarly, the Supreme Court has stated that the "General Counsel has unreviewable discretion to refuse to institute an unfair labor practice complaint." Vaca v. Sipes, 386 U.S. 171, 182 (1967). Given unequivocal language such as this, we find McGlone's argument to be without merit.
 
 III. Conclusion
 
 20
 The district court first found that "there can be no[ ] doubt that the NLRA preempts McGlone's claim under KRS Sec. 336.130 because the NLRA clearly prohibits retaliatory discharges of the nature McGlone alleges." (App. 17.) The court then observed that "the NLRB has primary jurisdiction over McGlone's complaint, and the decision of the General Counsel not to issue a complaint is unreviewable." (App. 17). Based on these two findings, the district court found dismissal to be warranted. Because we find no error in the court's analysis, the decision of the district court is
 
 
 21
 AFFIRMED.
 
 
 
 *
 Honorable Ralph B. Guy, Jr., assumed senior status on September 1, 1994
 
 
 **
 Honorable Robert H. Cleland, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Rental Uniform Service was a predecessor corporation to Cintas Corporation
 
 
 [2]
 Section 336.130 provides in part:
 (1) Employes may, free from restraint or coercion by the employers or their agents, associate collectively for self-organization and designate collectively representatives of their own choosing to negotiate the terms and conditions of their employment to effectively promote their own rights and general welfare. Employes, collectively and individually, may strike, engage in peaceful picketing, and assemble collectively for peaceful purposes.
 (2) Neither employers or their agents nor employes or associations, organizations or groups of employes shall engage or be permitted to engage in unfair or illegal acts or practices or resort to violence, intimidation, threats or coercion.
 
 
 [3]
 Although McGlone only challenges the removal of this action on the ground that her claim is not preempted by federal law, we note that had Cintas not listed diversity of citizenship as a basis for removal, it is not clear that the removal of this case would have been proper. See Tisdale v. United Ass'n of Journeymen, 25 F.3d 1308 (6th Cir.1994) (holding that a case may not be removed to federal court on the basis that a plaintiff's state law claim is preempted by federal law)
 
 
 [4]
 In Baldridge, Judge Celebrezze would have found that jurisdiction (and thus removal) was proper based on Garmon preemption (i.e., federal question jurisdiction pursuant to 28 U.S.C. Sec. 1331). We note that the Ninth Circuit has expressly ruled otherwise. See Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1397 (9th Cir.1988) (holding that Garmon preemption is not a basis for removal from state to federal court); see also Hayden v. Reickerd, 957 F.2d 1506, 1512 (9th Cir.1992). This is an issue which we need not address because, as stated in footnote 3 supra, McGlone alleged both diversity and federal question jurisdiction as grounds for removal. Thus, we express no opinion concerning the propriety of jurisdiction in that case