Charles PRICE, Plaintiff,

v.

**GEORGIA–PACIFIC CORP.,**
**Defendant.**

No. C–00–00576 CRB.

United States District Court,
N.D. California.

May 25, 2000.

James G. Bertoli, Santa Rosa, CA, for plaintiff.

Keith I. Chrestionson, Helen E. Sung, Maureen E. McClain, Kauff McClain & McGuire LLP, San Francisco, CA, for defendant.

## MEMORANDUM AND ORDER

BREYER, District Judge.

Now before the Court is defendant's motion to dismiss plaintiff's complaint. This motion presents a single question: Is plaintiff's state law breach of contract claim preempted by section 301 of the Labor Management Relations Act ("LMRA")? If plaintiff's claim is preempted, then the Court must dismiss the complaint. If the claim is not preempted, then the Court must remand the case to state court.

## BACKGROUND

Plaintiff was employed by defendant Georgia–Pacific Corporation from 1962 until 1976 and again from 1977 until 1997. In August 1997, plaintiff was laid off from his position as a member of the road maintenance crew. At the time of the layoff, plaintiff was a member of the International Association of Machinists and Aerospace Workers, Local W–496. As a consequence of the layoff, defendant offered plaintiff a severance package, which he accepted in July 1998.

On August 8, 1998, defendant informed plaintiff that a front-end loader position had become available at Georgia–Pacific, and invited him to apply for the job. Plaintiff applied, and defendant offered the position to him on August 13, 1998. Upon his rehire, plaintiff returned his severance pay to defendant, and the two parties allegedly entered into an oral employment agreement. Under the terms of the alleged agreement, plaintiff agreed to work as a front-end loader for defendant and defendant agreed that plaintiff's salary and the terms of his employment would be identical to the salaries and employment terms of other Georgia–Pacific employees who were covered by defendant's collective bargaining agreement ("CBA"). Although plaintiff was no longer a member of the union, his individual employment contract allegedly provided him the same rights as if he was a regular union member.

The parties agree that, although plaintiff was not a member of the union, his position was officially "covered" by the CBA.

In September 1998, another Georgia–Pacific employee filed a grievance with the union claiming that she was entitled to plaintiff's position. As a result of the grievance, defendant terminated plaintiff's employment on November 30, 1998.

Article XXII of the CBA provided that Georgia–Pacific was not permitted to terminate employees without "just cause" and that any termination must be preceded by "progressive discipline." Because plain-

tiff's oral contract allegedly incorporated these provisions of the CBA, plaintiff alleges that the termination violated his contract.

On November 23, 1998, plaintiff filed a grievance with the union. The local union president rejected plaintiff's attempt to grieve, explaining that he had no grievance rights because he was no longer a member of the union.

On May 13, 1999, plaintiff filed a complaint in this Court for violation of section 301 of the LMRA. On September 17, 1999, the parties stipulated to dismissal of the federal action. Subsequently, on January 6, 2000, plaintiff filed the instant complaint in the Superior Court of Mendocino County. Defendant removed the case to this Court on the basis of federal question jurisdiction, and moved to dismiss the complaint on February 23, 2000.

## DISCUSSION

### I. Legal Standard

The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. *Gilligan v. Jamco Develop. Corp.*, 108 F.3d 246, 249 (9th Cir.1997). The Court must construe the complaint in the light most favorable to the plaintiff. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995). A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* However, although courts generally assume the facts alleged are true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981), *cert. denied*, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981).

### II. LMRA Preemption

Defendant's motion to dismiss is based on a two-step argument. First, defendant asserts that plaintiff's contract claim is preempted by section 301 of the LMRA. Second, assuming that the LMRA applies, plaintiff's claim is barred by the statute of limitations. Plaintiff contests only the first step of this argument, and concedes that, if the LMRA applies, his cause of action must be dismissed.

Section 301 of the LMRA provides federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Section 301 of the LMRA preempts and displaces any state law claim that is either (1) "based directly on rights created by a collective bargaining agreement," or (2) "substantially dependent on an interpretation of a collective bargaining agreement." *Beals v. Kiewit Pacific Co., Inc.*, 114 F.3d 892, 894 (9th Cir.1997). Causes of action that only "tangentially involv[e]" a provision of a CBA are not preempted by section 301. *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 748 (9th Cir.1993) (quoting *Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1991)). Any state claim preempted by section 301 can only be brought as federal claim under the LMRA. *Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597, 599 (9th Cir.1996). The policy behind section 301 is to ensure uniform interpretation and enforcement of collective-bargaining agreements. *See Seymour v. Hull & Moreland Engineering*, 605 F.2d 1105, 1109 (9th Cir.1979).

Defendant argues that plaintiff's contract claim is preempted by section 301 because resolving the claim will require the Court to interpret the CBA. According to defendant, plaintiff's claim is premised on the CBA in two distinct ways. First, defendant asserts that plaintiff occupied a union position, and that any independent oral contract is therefore subordinate to the CBA. Second, defendant points out that the alleged contract between Georgia–Pacific and plaintiff expressly incorporated the terms of the CBA. Therefore, defen-

dant asserts that plaintiff's claim necessarily requires that the Court interpret the CBA. This memorandum will address defendant's two points separately.

### 1. Occupation of a CBA–Covered Position

Defendant first argues that plaintiff's claim is preempted because he occupies a union position at Georgia–Pacific. In *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993 (9th Cir.1987), the plaintiff quit her unionized job as a waitress after nine years of employment. The defendant subsequently rehired her as a probationary employee, subject to a new oral contract. *Id.* The new contract included all the same terms as the plaintiff's prior contract, including a promise not to discharge her without just cause. *Id.* The defendant then terminated the plaintiff without just cause, and the plaintiff filed suit. *Id.*

The Ninth Circuit concluded that, because the plaintiff occupied a position which was covered by the CBA, her individual contract was only enforceable under the terms of the labor agreement. *Id.* at 998. Because the existence of the CBA supplanted the plaintiff's rights to enter into an employment contract of her own, her state law claims were inappropriate. The court concluded that the plaintiff should have brought a grievance under the CBA—as was her right—to determine the effectiveness of her individual contract, and followed that grievance with a section 301 claim. *Id.* Under the circumstances, the court found that the plaintiff's contract claim was completely preempted. *Id.*

The court also explained that, if the plaintiff's job had not been governed by a CBA, then her individual contract would have been effective independent of the collective agreement, and the claim would not have been preempted. *Id.* at 997–998. In a footnote, the court stated that "[d]ischarged employees who lack access to the grievance procedure under the [CBA] cannot state a claim for breach of the collective agreement, and federal courts there-

fore lack jurisdiction over their section 301 claims." *Id.* at 998 n. 2.

Defendant asserts that *Young* is directly analogous to this case. Here, as in *Young*, plaintiff was a former union employee who was rehired in a union position. As in *Young*, plaintiff entered an individual oral contract with his employer guaranteeing him the same rights as he held under the CBA during his initial employment. In light of these factual similarities, defendant argues that plaintiff's contract claims, like Young's, are preempted by section 301.

Plaintiff, however, argues that *Young* is inapposite because plaintiff in this case had no access to the union grievance procedure. Plaintiff cites *Scott v. New United Motor Manufacturing, Inc.*, 632 F.Supp. 891 (N.D.Cal.1986), in which the plaintiff, a union member, was fired without cause. Although the plaintiff occupied a CBA-covered position, he was a "probationary employee," which meant that he was not permitted to file any grievances against his employer until the end of his probationary period. *Id.* at 892. The district court held that the plaintiff's tort claim was not preempted, noting that the plaintiff's probationary status had prevented him from pursuing the grievance process. *Id.* at 894. The court reasoned that

> [i]t would be anomalous to hold that section 301 preempts [the plaintiff's] state remedies because federal law provides the exclusive remedy, only then to discover that plaintiff had no remedies under federal law.

*Id.* Plaintiff argues that, like the plaintiff in *Scott*, he had no access to the grievance process, and his claim therefore does not fall under the LMRA.

 The opinions in *Young* and *Scott* teach a single lesson: an employee in a position with access to a CBA-sanctioned grievance procedure cannot state an individual claim for breach of contract under state law. Such a claim is necessarily preempted by section 301. On the other

hand, if the employee does not have access to the grievance process, he may state a breach of contract claim without fear that his claim will be preempted.

This general lesson is confirmed by a number of other cases decided in this circuit. For instance, in *Wanland v. Los Gatos Lodge, Inc.*, 230 Cal.App.3d 1507, 281 Cal.Rptr. 890 (1991), the California court of appeals found that a management employee's breach of contract claim was not preempted by section 301. The plaintiff in *Wanland* had been a union member for several years, and, after being promoted to a management position, refused to resign her union membership. *Id.* at 1513, 281 Cal.Rptr. 890. Although she continued to pay union dues, she now occupied a position which was not covered by the CBA. *Id.* at 1513–1514, 281 Cal.Rptr. 890. When her employer reassigned her position, plaintiff sought redress from the union, but the union declined to assist her, reasoning that she no longer occupied a covered position. *Id.* at 1515, 281 Cal. Rptr. 890. After being rebuffed by the union, the plaintiff filed a contract claim in state court. The California court concluded that, because the plaintiff did not occupy a union position, her claim was not preempted by the LMRA.

Notably, the court in *Wanland* also explained that the union's refusal to assist the plaintiff supported the inference that she was not covered by the CBA. *Id.* at 1516, 281 Cal.Rptr. 890. However, the court noted that the union's actions were not dispositive of the preemption question. "Obviously, . . . had the union erred in its interpretation of the CBA, plaintiff's remedy would be not a state law wrongful termination claim but a suit against the Lodge under the NLRA, joined perhaps with a claim against the Union for breach of its duty of fair representation." *Id.*

Similarly, in *Needles v. Berkeley Farms, Inc.*, 1999 WL 252652 (N.D.Cal. April 19, 1999), the plaintiff, a one-time union member, had been promoted to a non-CBA position. She later sued for breach of contract after being demoted. The court determined that, because the plaintiff occupied a non-union position at the time of her demotion, she was "exempt from the terms of the CBA." *Id.* at *3. Finding no LMRA preemption, the court remanded the case to state court for lack of subject matter jurisdiction. *Id.* at *8. *See also Fagundes v. GTE California Inc.*, 1995 WL 295828 (N.D.Cal.1995) (finding no preemption of breach of contract claim because plaintiff occupied a non-union position).

In light of this case law, the Court in this case must determine whether plaintiff had access to Georgia–Pacific's grievance procedure in his position as a front-end loader. If he did, then his claim is preempted, regardless of his union membership. If he did not, then the LMRA does not preempt plaintiff's claim, and the Court must remand the case to state court.

The parties agree that plaintiff occupied a position that was officially covered by the CBA, but that he did not pay union dues as would a typical employee in that position. As a non-union employee, plaintiff was effectively barred from the grievance procedure. Additionally, because plaintiff was not a member of the union—and, indeed, does not appear to have had any relationship with the union at the time of his termination—he was not able to pursue a claim against the union for breach of the duty of fair representation. So situated, plaintiff's only remedy in the wake of his termination was to sue his employer for breach of contract. Defendant now attempts to foreclose this last avenue of relief by arguing that it is preempted. The Court cannot sanction such an outcome. Like *Scott* court, this Court concludes that LMRA preemption should not deprive an employee of all his remedies. *See* 632 F.Supp. at 894. Because plaintiff was denied access to the grievance procedure and could not pursue a fair representation claim against the union that did not represent him, he cannot state a claim under section 301. The Court simply can-

not conclude that the facts of this case fall within the rubric of the LMRA.

Finally, the Court notes that it appears from the allegations of the complaint that defendant hired plaintiff in contravention of the plain terms of the CBA, which provided that plaintiff's front-end loader position was a union position. Whether such a employment contract is valid and enforceable is a question which the Court need not answer at this time. For the purposes of the instant motion, the Court merely notes that the resolution of the oral contract's validity may require reference to the CBA, but will not substantially depend on an interpretation of the CBA. *See Beals,* 114 F.3d at 894. Therefore, the validity and enforceability of the contract are questions that should be resolved by the state court after remand.

### 2. Plaintiff's Individual Contract Incorporated the CBA

Defendant's second argument is not as strong as its first. Defendant points out that plaintiff's alleged oral contract specifically incorporated the CBA by reference. Because the two agreements are coextensive, the Court *must* interpret the CBA in order to construe plaintiff's oral contract. To support its argument, defendant relies on LMRA case law which provides that a claim is preempted if it is "substantially dependent on an interpretation of a collective bargaining agreement." *Beals,* 114 F.3d at 894. Plaintiff's contract claim requires an interpretation of the CBA, defendant argues, so the claim must be preempted by section 301.

 The Court cannot accept this argument. Defendant's argument interprets too literally the language of the preemption cases cited above. The mere fact that plaintiff modeled his own private contract on the provisions of the CBA does not transform his contract claim into a section 301 cause of action. As discussed above, if plaintiff was not a union member and had no access to the union grievance procedure, he has no basis for a section

301 claim. The fact that his private contract references the CBA can be viewed as a mere coincidence, and should not trigger section 301 preemption. The fact that a state-law action "relates in some way to a provision in the collective bargaining agreement" does not necessarily mandate preemption under section 301. *Allis–Chalmers v. Lueck,* 471 U.S. 202, 105 S.Ct. 1904, 1916, 85 L.Ed.2d 206 (1985).

Plaintiff's contract claim does relate to the CBA, but does not allege any violation of the collective agreement. The Court finds no preemption here.

### CONCLUSION

For the foregoing reasons, the Court concludes that plaintiff's claims are not preempted by section 301 of the LMRA. As such, this Court has no federal subject matter jurisdiction, and removal was improper. The Court hereby REMANDS this action to the Mendocino County Superior Court.

Each side shall remain responsible for its own fees and costs in connection with this matter.

**IT IS SO ORDERED.**